**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re:<br>William O'Malley<br>    Debtor(s). | Case No. 17-19249-LMI<br>Chapter 7 Case |

### WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A MOTION TO CONFIRM NO AUTOMATIC STAY, MOTION TO DISMISS CASE, AND REQUEST FOR ENTRY OF AN ORDER GRANTING RELIEF AGAINST THE PROPERTY

**COMES NOW**, Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A, its Successors and/or Assigns ("Secured Creditor"), by and through its undersigned counsel, as and for its Motion to Confirm No Automatic Stay, Motion to Dismiss Case, and Request for Entry of Order Granting Relief Against the Property, and states as follows:

1. The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, FRBP 4001(a) and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the laws of the United States of America.

2. The Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on July 24, 2017.

3. Debtor previously filed bankruptcy Case Number 17-10112-AJC on January 5, 2017, which stopped a foreclosure sale scheduled for January 6, 2017. The bankruptcy case was dismissed on April 10, 2017 for failure to make pre-confirmation plan payments and failure to appear at the 341 meeting of creditors. The Dismissal Order included a prejudice period of 180 days from refiling. See attached Dismissal Order from the previous bankruptcy case marked as Exhibit "A".

4. Secured creditor reset the foreclosure sale after the dismissal of the Debtors first bankruptcy. The foreclosure sale was reset for July 25, 2017.

5. Debtor filed a Motion to Cancel Sale in the state court case pending in Miami Dade County. The Motion was denied on or about July 20, 2017.

6. Thereafter, Debtor filed the pending bankruptcy case on July 24, 2017, which stopped the foreclosure sale scheduled for July 25, 2017, in violation of the 180-day prejudice period contained in the Dismissal Order attached hereto as **Exhibit "A."**

7. Therefore, Secured Creditor maintains that cause exists to dismiss the pending case.

## CONFIRMATION OF NO AUTOMATIC STAY

8. Secured Creditor incorporates Paragraphs 2-6 above.

9. Secured Creditor holds a security interest in the Debtor(s)' real property located at 4250 Bay Point Rd., Miami, FL 33137, by virtue of a Final Judgment of Foreclosure entered on September 9, 2016, in the amount of $914, 427.62 and recorded in the Miami Dade Official Records. The Final Judgment is attached hereto as Exhibit "B."

10. Upon information and belief, said property has been claimed exempt by the Debtor.

11. Secured Creditor's security interest in the subject property is being significantly jeopardized by the Debtor(s)' failure to make regular payments under the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such security interest. Thus, the Debtor has failed to adequately protect the interest of Secured Creditor.

12. Debtor knowingly filed the current Bankruptcy Case in violation of the prejudice period imposed by the Dismissal Order attached hereto as Exhibit "A" with the intention of cancelling Foreclosure Sale in the State Court foreclosure action.

13. Therefore, Secured Creditor maintains that cause exists pursuant to 11 U.S.C. § 362(d)(1) for the automatic stay to be lifted.

## DISMISSAL AND REQUEST FOR RELIEF AGIANST THE PROPERTY PURSUANT TO (362(d)(4)(b)

14. Section 362(d)(4)(b) further authorizes this Court to enter an Order imposing a two-year filing bar in cases where a debtor files multiple bankruptcies as "part of a scheme to delay, hinder, and defraud creditors with a secured interest."

15. The Debtor committed fraud by signing and filing the current Voluntary Chapter 13 Petition under penalty of perjury. "The traditional elements of fraud are: (1) that the debtor made the representations; (2) that at the time the debtor knew the representation was false; (3) that the debtor made the representations with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained loss and damage asa proximate result of the representations have been made." *In re Muhaimim,* 343 B.R. 159, 168 (Bankr. D. MD. 2006).

16. In the present case, by signing and filing the current Bankruptcy Case debtor made representations which he knew were in violation of the prejudice period imposed by the Dismissal Order attached hereto as Exhibit "A", with the intention of preventing the Foreclosure Sale in the State Court case from going forward, thereby causing loss to Secured Creditor as it continues to incur publication fees, taxes, insurance, etc as a result of the repeat bankruptcy filings.

17. Therefore, Secured creditor requests entry of an Order Dismissing the pending case, granting relief against the Property, 4250 Bay Point Rd., Miami, FL 33137, prohibiting anyone from re-imposing the automatic stay as to the Property in any bankruptcy proceeding for a period of 1 year.

18. Pursuant to 11 U.S.C. § 362(e), Secured Creditor hereby requests that in the event a hearing is necessary, that said hearing be held within thirty (30) days.

19. Secured Creditor respectfully requests that the Court waive the fourteen (14) day stay of the Order Confirming No Automatic Stay pursuant to Bankruptcy Rule 4001(a)(3), so that Secured Creditor can pursue its in rem remedies without further delay

**WHEREFORE**, Secured Creditor respectfully requests that the Court enter an Order confirming there is no automatic stay in effect so that Secured Creditor may be permitted to pursue remedies outside of the bankruptcy forum, that the Court enter an Order of Dismissal prohibiting any individual or entity with an interest in the subject Property from re-imposing the automatic stay for a period of one year; that in the event that a hearing is necessary on this Motion that said hearing be held within thirty (30) days, and for such other further relief as the Court may deem just and proper.

Respectfully submitted:

/s/ Alexandra Kalman
Alexandra Kalman
FBN 109137
Lender Legal Services, LLC
Attorney for Secured Creditor
201 E. Pine Street, Suite 730
Orlando, FL 32801
Phone: (407) 730-4644
akalman@lenderlegal.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion to Confirm no Automatic Stay was either sent electronically or by U.S. mail, first-class postage pre-paid, to:

William O'Malley ( Pro Se)
4250 Bayfront Rd.
Miami, FL 33137

Trustee
Robert A Angueira

16 SW 1st Avenue
Miami, FL 33130

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

On August 7, 2017

                                            Respectfully submitted:

                                            /s/ Alexandra Kalman
                                            Alexandra Kalman
                                            FBN 109137
                                            Lender Legal Services, LLC
                                            Attorney for Secured Creditor
                                            201 E. Pine Street, Suite 730
                                            Orlando, FL 32801
                                            Phone: (407) 730-4644
                                            Fax: (888) 337-3815
                                            akalman@lenderlegal.com

CGFD42 (10/10/16)

 

ORDERED in the Southern District of Florida on April 10, 2017

*A. Jay Cristol*
A. Jay Cristol
United States Bankruptcy Judge

# United States Bankruptcy Court
### Southern District of Florida
www.flsb.uscourts.gov

Case Number: 17-10112-AJC
Chapter: 13

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

William John O'Mally
4250 Bay Point Rd
Miami, FL 33137

SSN: xxx-xx-1702

### ORDER DISMISSING CASE FOR FAILURE TO MAKE PRE-CONFIRMATION PLAN PAYMENTS AND FOR FAILURE TO APPEAR AT THE SECTION 341 MEETING OF CREDITORS

This matter is before the court ex parte pursuant to Local Rule 3070-1(C) for failure of the debtor to remit to the trustee pre-confirmation plan payments, and pursuant to Local Rule 1017-2(B)(2) for failure of the debtor to appear at the § 341 Meeting of Creditors.

It is **ORDERED** that:

*Page 1 of 2*

1. This case is dismissed with prejudice as to the filing of any bankruptcy case in any federal bankruptcy court in the United States of America by the above-named debtor for 180 days from entry of this order, or the expiration of any prejudice period set in any previous order, whichever is later.

2. All pending motions are denied as moot.

3. The trustee shall file a final report prior to the administrative closing of the case.

4. (If applicable) the debtor shall immediately pay to the Clerk, U.S. Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Room 150, Miami, FL 33128, **$0.00** for the balance of the filing fee as required by Local Rule 1017-2(E). Any funds remaining with the trustee shall be applied to this balance and the trustee must dispose of any funds in accordance with the Bankruptcy Code and Local Rule 1017-2(F), unless otherwise ordered by the court. The court will not entertain a motion for reconsideration of this order unless all unpaid fees are paid at the time the motion is filed.

5. A motion to rehear, reconsider, or reinstate a dismissed case must be filed in accordance with the requirements of Local Rule 9013-1(E).

6. In accordance with Local Rule 1002-1(B), the clerk of court is directed to refuse to accept for filing any future voluntary petitions submitted by this debtor if the refiling violates a prior order of the court or if the petition is accompanied by an Application to Pay Filing Fee in Installments and filing fees remain due from any previous case filed by the debtor.

# # #

The clerk shall serve a copy of this order on all parties of record.

*Page 2 of 2*



IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A.,

    Plaintiff,

vs.

WILLIAM J. O'MALLEY; LYDA M. O'MALLEY aka LYDA O'MALLEY; BAY POINT PROPERTY OWNER'S ASSOCIATION, INC.; JPMORGAN CHASE BANK, N.A.; UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE,

    Defendants.
_____/

CIRCUIT CIVIL DIVISION
Case No: 2015-017729-CA-01

## FINAL JUDGMENT FOR FORECLOSURE

THIS ACTION was heard before the Court on a Non-Jury Trial on __9/9__, 2016. On the evidence presented,

IT IS ORDERED AND ADJUDGED that:

Final Judgment is GRANTED in favor of Plaintiff against all Defendants listed by name: WILLIAM J. O'MALLEY; LYDA M. O'MALLEY aka LYDA O'MALLEY; BAY POINT PROPERTY OWNER'S ASSOCIATION, INC.; JPMORGAN CHASE BANK, N.A.; UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY –INTERNAL REVENUE SERVICE.

**Amounts Due and Owing.** Plaintiff is due:

| | | |
|---|---|---|
| **Principal Balance Due** | | $665,846.86 |
| **Interest** on the Note and Mortgage from 6/1/2010 to 8/22/2016 Per Diem of $69.409 at 3.75% | | $144,454.69 |
| **Per diem interest at 3.75% from 8/23/2016 to 9/9/2016** | | $1,249.36 |
| **ESCROW ADVANCES** | | $94,075.41 |
| Beginning Balance | - | |

LLS05108-O'MALLEY, WILLIAM

1

| | | |
|---|---|---|
| $82,990.93<br>Hazard Insurance | $11,084.48 | |
| BPO | | $107.00 |
| Title Report | | $615.00 |
| Maintenance | | $40.00 |
| BF Trustee Fee | | $615.00 |
| Property Inspection Fee | | $618.50 |
| Property Preservation Fee | | $75.00 |
| | | |
| SUBTOTAL | | $907,696.82 |
| | | |
| LESS CREDITS DUE TO DEFENDANTS: | | |
| Positive Escrow Balance | | -$920.35 |
| | | |
| COURT COSTS | | $156.15 |
|     Service of Process | $ | |
|     Publication of Notice of Action | $ | |
| ATTORNEY'S FEES | | $ 7,495.00 |
| * (Does not exceed 3% of the unpaid principal due, and therefore presumed reasonable under Fla. Stat. § 702.10 (1)(c)) | | |
| | | |
| TOTAL DUE | | $914,427.62 |

*The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

1.   **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest, 4.84% a year.

2.   **Lien on Property.** Plaintiff, whose address is **1600 South Douglass Road, Suite 200-A Anaheim, California 92806**, holds a lien for the grand total sum superior to all claims or estates of the defendant(s), on the following described property in Miami Dade County, Florida:

> LOT 7, IN BLOCK 2, OF BAY POINT, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 40, AT PAGE 63 OF THE PUBLIC RECORDS OF MIAMI DADE COUNTY, FLORIDA

LLS05108-O'MALLEY, WILLIAM |

2

Property address: **4250 BAY POINT RD MIAMI, FL 33137**

3.  **Sale of property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on __1/6/2017__, ~~2016~~, at 9:00 A.M. to [120 day] the highest bidder for cash after having first given notice as required by Section 45.031, Florida Statutes. The subject property shall be sold by electronic sat at: www.miamidade.realforeclose.com.

4.  **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5.  **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

6.  **Right of Possession.** Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the "Protecting Tenants at Foreclosure Act of 2009."

7.  **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

LLS05108-O'MALLEY, WILLIAM |

(If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type.)

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA (TELEPHONE: (305) 375-5943), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (305) 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

**DONE AND ORDERED** in Chambers in Miami Dade County, Florida, this _____ day of _____, 2016.

_____
Circuit Judge

Conformed Copy

SEP 0 9 2016

William L. Thomas
Circuit Court Judge

Copies furnished to <u>all</u> parties named on the attached service list:

LLS05108-O'MALLEY, WILLIAM |

4

SERVICE LIST

Morgan Swenk, Esq.
Lender Legal Services, LLC
201 East Pine Street, Suite 730
Orlando, Florida 32801
[mswenk@lenderlegal.com]
[eservice@lenderlegal.com]

United States of America, Department of the Treasury-Internal Revenue Service
c/o United States Attorney
99 NE 4th Street, 13th Floor
Miami, FL 33132

JPMorgan Chase Bank, N.A.
c/o President, Vice President or any other Officer Authorized to accept service
1111 Polaris Prkwy
Columbus, OH 43240

Lyda M. O'Malley aka Lyda O'Malley
4250 Bay Point Rd.
Miami, FL 33137

William J. O'Malley
4250 Bay Point Rd.
Miami, FL 33137

Bay Point Property Owner's Association, Inc.
c/o Julie Gonzalez as Authorized Agent
12485 SW 137th Avenue, # 211
Miami, FL 33186